IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISMAILA NIANGANE, | ) | |
| | ) | Case No. 3:25-cv-00488 |
| Petitioner, | ) | |
| | ) | District Judge Stephanie L. Haines |
| v. | ) | Magistrate Judge Kezia O. L. Taylor |
| | ) | |
| KRISTI NOEM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

## I.    BACKGROUND

Pending before the Court is Petitioner's pleading titled "Emergency Notice of Supplemental Facts and Request for Relief Regarding Failure of Meaningful Compliance with the Court's Order" that was docketed as a Supplement to his Petition for Writ of Habeas Corpus.[1] ECF No. 19. Petitioner's motion stems from this Court's Order dated January 20, 2026, which granted his Petition for Writ of Habeas Corpus to the extent it sought an individualized bond hearing before an immigration judge. ECF No. 17. Pursuant to said Order, Petitioner received a custody redetermination hearing before an immigration judge ("IJ") on January 27, 2026. The IJ denied bond on the basis that Petitioner "failed to meet his burden of demonstrating to the satisfaction of the Court that he is not a flight risk." ECF No. 23. The IJ's "Bond Memorandum" appears in the record, *id.*, but the transcript of the hearing does not.

---

[1] Based on the nature of and relief sought in this pleading, it should have been filed as a motion to enforce the Court's Order granting the Petition for Writ of Habeas Corpus. The Court has construed it as such and will refer to it hereinafter as a "motion" or "motion to enforce." Likewise, entitling this filing as an "Emergency" Notice is inappropriate because, as of today, Petitioner does not have a final order of removal.

Petitioner maintains that he filed a timely appeal to the Board of Immigration Appeals ("BIA") challenging the IJ's denial of bond. ECF No. 22 ¶ 2.

Petitioner asserts in his motion that he "is raising a constitutional challenge to the adequacy of the process afforded" to him in that custody redetermination hearing on the basis that the IJ (1) refused "to meaningfully credit undisputed family-unity and co-residence evidence;" (2) relied "on speculative and internally inconsistent reasoning to discount sponsor testimony;" (3) treated "lived-together family relationships as insufficient absent formal biological documentation of half-brother relationships and nephew-uncle relationships, which is not reasonably obtainable from immigration detention;" and (4) failed "to conduct a genuine individualized assessment of flight risk." ECF No. 22 ¶¶ 3, 9. Petitioner insists that "[t]hese are due process defects rather than disagreements over evidentiary weight." *Id.* ¶ 10. As relief, Petitioner requests (1) that this Court find that the IJ "failed to meaningfully comply with this Court's prior order;" (2) "[o]rder Petitioner's immediate release under reasonable conditions; or, in the alternative," (3) "[o]rder any further bond hearing to be conducted under clear instructions, before a different Immigration Judge, requiring meaningful consideration of sworn evidence under the totality of the circumstances." ECF No. 19-1 at 10. Respondents filed a response in opposition to Petitioner's motion on February 5, 2026. ECF No. 21. Petitioner filed a reply on February 6, 2026. ECF No. 22.

## II.    JURISDICTION

The Immigration and Nationality Act ("INA") divests this Court of jurisdiction to review an IJ's discretionary decision-making with respect to bond. Specifically, 8 U.S.C. § 1226(e) states:

(e) Judicial review

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

As a general proposition, it is beyond reasonable dispute that a habeas court retains jurisdiction to enforce compliance with an order conditionally granting the writ. *See, e.g., Fernandez Aguirre v. Barr*, No. 19-CV-7048, 2019 WL 4511933, at *3 (S.D.N.Y. Sept. 18, 2019). *Cf Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) (a conditional grant of a writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner."). *Accord Haskell v. Folino*, 461 F. Supp. 3d 202, 210-11 (W.D. Pa. 2020). However, there is little guidance from the United States Court of Appeals for the Third Circuit as to the interplay between this Court's authority to enforce its prior conditional grant of the writ, and Section 1226(e)'s bar of review of the IJ's discretionary bond decision.

But, in *Ghanem v. Warden Essex County Correctional Facility*, No. 21-1908, 2022 WL 574624 (3d Cir. Feb. 25, 2022), a non-precedential opinion, the Third Circuit discussed the scope of a federal habeas court's jurisdiction to review the outcome of an immigration bond hearing for compliance with an order conditionally granting federal habeas relief. It stated that "[a]lthough we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision, we may review whether the bond hearing was fundamentally unfair." *Id.* at *2 (citation footnotes omitted). Thus, this Court retains jurisdiction to review the bond hearing for fundamental fairness.

III.    **EXHAUSTION**

Respondents argue that Petitioner should be required to exhaust his administrative remedies by seeking review of the bond proceedings with the BIA.  ECF No. 21 at 4.

While Section 2241 does not include an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a Section 2241 petition.  *Moscato v. Fed Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

But, it is not clear that there is any exhaustion issue here at all.  This is not a newly-filed habeas petition in which Petitioner seeks habeas review of the IJ's decision denying bond.  Instead, Petitioner is seeking relief from his detention on the basis that his detention is governed under 8 U.S.C. § 1226(a) and not § 1226(b)(2), and, as to that issue, the writ has already been granted.  ECF No. 17.  Petitioner asks this Court to review the IJ's hearing for compliance with that Order.  Accordingly, it appears there is nothing left for Petitioner to exhaust.  *See, e.g.*, *Luciano-Jimenez v. Doll*, 543 F. Supp. 3d 69, 71 n.1 (M.D. Pa. 2021).

Moreover, to the extent that any exhaustion issue exists, exhaustion in this context is not mandatory, but prudential, and may be excused.  *Chajchic v. Rowley*, No. 1:17-CV-457, 2017 WL 4401895, at *4 (M.D. Pa. July 25, 2017), *report and recommendation adopted*, 2017 WL 4387062 (M.D. Pa. Oct. 3, 2017).  Therefore, the Court concludes that the exhaustion doctrine does not bar this Court's review of Petitioner's motion.

IV.    **MERITS**

First, Petitioner must be reminded that this Court "does not sit as a plenary tribunal conducting *de no* reviews of Immigration Judge bond decisions." *Chajchic*, 2017 WL 4401895, at \*3.  Instead, the Court's role "is narrow."  *Id.*  In *Ghanem*, the Third Circuit recognized that, even if the wake of Section 1226(e), and on a motion to enforce a grant of habeas relief, federal courts retain the authority to review whether a resulting immigration bond hearing is fundamentally unfair.  2022 WL 574624, at \*2.  It further recognized that "[i]n a fundamentally fair bond hearing, due process has three essential elements.  An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests."  *Id.* (citation footnote and internal quotation marks omitted).

Presumably, Petitioner does not contest elements one and two.  Instead, Petitioner's arguments appear to rest on the third element in that the IJ did not provide him with an individualized bond hearing.  In support of his argument, Petitioner notes the following:

- The IJ refused to meaningfully credit undisputed family-unit and co-residence evidence;

- The IJ relied on speculative and internally inconsistent reasoning to discount sponsor testimony;

- The IJ treated lived-together family relationships as insufficient absent formal biological documentation of half-brother relationships and nephew-uncle relationships, which is not reasonably obtainable from immigration detention; and

- The IJ failed to conduct a genuine individualized assessment of flight risk.

Petitioner argues that the aggregate of these errors demonstrate that he was not afforded an individualized bond hearing in compliance with due process. Specifically, he maintains that the IJ "functionally disregarded" evidence "based on conjecture," and he argues that "[d]ue process is violated . . . when [evidence] is arbitrarily discounted in a manner that defeats individualized adjudication." ECF No. 22 at 3.

Upon review, Petitioner has not established that the IJ's bond hearing and subsequent denial of bond was not individualized – at least with respect to the determination of Petitioner's flight risk.

Petitioner states that he presented "multiple witness letters attesting to [his] character, reliability, and willingness to support him upon release," as well as "letters from individuals who identify as family members under widely recognized cultural and familiar norms, including [his] half-brother, with whom he resided prior to detention (with evidence of shared residence); letters from two of [his] nephews, whose father is [his] half-brother, and a letter from a close family friend – all U.S. citizens." ECF No. 19-1 ¶ 5. He also submitted "an employer letter confirming prospective employment upon release." *Id.*

The Court must remind the parties that a transcript of the bond hearing was not submitted and is therefore not in the record before the Court. The Court's review is limited to what is contained in the record before it; essentially, the parties briefs and the IJ's Bond Memorandum. The Bond Memorandum indicates that the IJ acknowledged Petitioner's pending application for asylum but noted that there was a pending motion to pretermit based on an Asylum Cooperative Agreement with Uganda. ECF No. 23 at 3. The IJ also noted that she was "concerned with [Petitioner]'s lack of community ties." *Id.* While she specifically considered Petitioner's

6

Case 3:25-cv-00488-SLH-KT    Document 24    Filed 02/11/26    Page 7 of 9


sponsors and letters of support, she noted that the letters of support did not "all contain accompanying identification documents" and that "his sponsors have conflicting addresses." ECF No. 23 at 3.  The IJ also noted that the record was "unclear as to where [Petitioner] would stay[,]" and also that he lacked "any immediate family members in the United States." *Id.*

Petitioner argues that the IJ "effectively required proof [in the form of identification documents] that cannot realistically be produced from detention and was never identified in advance as necessary."[2]  ECF No. 19-1 ¶ 13.  He maintains the IJ "rejected sworn statements solely because they did not meet an unannounced and unattainable evidentiary threshold."  *Id.* He notes that the IJ rejected the supporting witness statements "by suggesting that the letters 'could be anyone claiming to be related' to [him], despite being sworn, consistent, and submitted through counsel, and despite documentary proof establishing that [he], his half-brother, and one nephew resided together at the same address immediately prior to detention."[3]  *Id.* ¶ 16.  He argues that the "IJ made no finding that the witnesses lacked credibility, that the statements were internally inconsistent or implausible, or that the documents were fraudulent.  Nor did the IJ provide notice that authenticity was in question or afford Petitioner an opportunity to respond." *Id.* ¶ 18.  "By conditioning release on proof of narrowly defined 'immediate' familial ties and formal biological documentation that is neither required by law nor reasonably obtainable from immigration detention," Petitioner argues that "the IJ imposed an evidentiary standard that forecloses bond as a practical matter and fails to comport with due process." *Id.* ¶ 26.

---

[2] Petitioner was represented by counsel at his bond hearing, so this argument holds little weight.

[3] There is no evidence in the record to substantiate Petitioner's declaration that the IJ noted that the letters "could be anyone claiming to be related" to him.  That statement does not appear in the Bond Memorandum, and, once again, the transcript is not a part of the record.

Be that as it may, the IJ's determination as to Petitioner's flight risk does not appear to rest on "plain legal error by misidentifying or misapplying the relevant legal precepts." *Romero v. Ogle*, No. 1:21-CV-01192, 2021 WL 8362027, at *2 (M.D. Pa. Nov. 12, 2021). The IJ's determination does not appear to lack a rational basis. *Id.* at *3. Despite Petitioner's fervent arguments to the contrary, the Court finds that Petitioner is trying to relitigate the merits of the IJ's bond order, which he cannot do through this motion. His "evidentiary quibbles fail to demonstrate that the government deprived [him] of a fundamentally fair bond hearing[.]" *Ghanem*, 2022 WL 574624, at *2.

This motion does not provide an opportunity for this Court to reweigh the evidence submitted at the bond hearing, or to review the IJ's determination *de novo*. *Id.*; *see also Chajchic*, 2017 WL 4401895, at *3; *Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.") While this Court does not express any opinion on whether the IJ came to the correct conclusion, there can be little doubt that the bond hearing was individualized – at least with respect to the determination of flight risk. Therefore, the motion will be denied.

## V.    CONCLUSION

For the reasons set forth herein, the motion will be denied. It is important, however, to reiterate that this order is not a ruling on the merits of the IJ's decision to deny bond. Such a determination is beyond the scope of this Court's review and must be left to the BIA. Accordingly, nothing in this Order should be read to interfere with the BIA's review of the merits of the IJ's decision denying bond.

## <u>ORDER</u>

AND  NOW,  this  11th day  of  February,  2026,  IT  IS  HEREBY  ORDERED  that

Petitioner's Motion to Enforce, ECF No. 19, is DENIED.

Stephanie L. Haines
United States District Judge

Cc:    Counsel of record
       (Via CM/ECF electronic mail)

9